UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:18-CR-262-KJM |
| Plaintiff, | ORDER |
| v. | |
| Darrel Wayne Kratzberg, | |
| Defendant. | |

The United States moves for reconsideration of the magistrate judge's May 7, 2021 discovery ruling in favor of the defense. Req. for Reconsideration (Req.), ECF No. 72; Hr'g Tr. at 17:5–13, Ex. A Mot., ECF No. 72-1. The defense argues the motion is untimely and meritless. Def. Resp., ECF No. 73. The government replied, and defense filed a sur-reply without seeking leave of the court. Reply, ECF No. 74; Sur-Reply, ECF No. 75. The sur-reply is disregarded. For the following reasons, the court **denies** the motion for reconsideration.

I.    BACKGROUND

In December 2020, the defendant pleaded guilty to distribution of at least 50 grams of methamphetamine (actual). Plea Agm't, ECF No. 48. In April 2021, the defense moved for the production and qualitative re-testing of the methamphetamine identified in the factual basis for his plea. Mem. to Retest at 1, ECF No. 64. Specifically, the defense moved to compel this

/////

1

1   material under Federal Rule of Criminal Procedure 16(a)(1)(E) and the government objected.

2   *Id.* at 2–5; Gov. Opp'n, ECF No. 62.

3         On May 7, 2021, following a hearing on the matter, the magistrate judge granted

4   defendant's motion in a bench order, finding that Rule 16(a)(1)(E)(i) may be applied to post-plea

5   discovery motions. Hr'g Tr. at 15:13–10 & 17:5–13, Ex. A Mot., ECF No. 72-1.[1] The

6   government filed its motion for reconsideration well more than 30 days after the hearing. *See*

7   Req.

8   **II.   LEGAL STANDARD**

9         This court reviews a magistrate judge's ruling to determine if the order "is clearly

10   erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); L.R. 303(f). Under the Eastern

11   District's local rules, a party seeking reconsideration of a magistrate judge's ruling must do so

12   within fourteen days unless directed otherwise, L.R. 303(b), but a judge may reconsider any

13   matter sua sponte, *id.* 303(g). "Clear error" occurs when the reviewing court on the entire record

14   is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark*

15   *Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (applying clearly erroneous standard in civil

16   case) (internal citations omitted). "[A] district court does not commit clear error warranting

17   reconsideration when the question before it is a debatable one." *United States v. Wanland*,

18   No. 13-02343, 2017 WL 3712908, at *3 (E.D. Cal. Aug. 29, 2017).

19   **III.   ANALYSIS**

20         At the outset, the defense contends the government's motion is late and should be denied

21   on that basis alone. Def. Resp. at 1. The government argues its motion is timely as it was filed

22   prior to the magistrate judge's issuing a written order as the minutes suggest she would. Reply at

23   1. As the court may sua sponte reconsider a magistrate judge's decision, the court need not

24   decide this issue. L.R. 303(g). The court turns to the merits.

25         Rule 16 provides, in pertinent part, that "upon a defendant's request, the government must

26   permit the defendant to inspect and to copy or photograph books, papers, documents, data,

---

[1] Following the hearing, the courtroom deputy issued minutes suggesting a written order would follow, but this aspect of the minutes appears to be error. *See* Hr'g Min., ECF No. 65.

photographs, tangible objects, . . . , if the item is within the government's possession, custody, or control and (i) the item is material to preparing the defense." Fed. R. Cr. P. 16(E).  The Ninth Circuit has yet to address whether the clause "preparing the defense" as used at the end of this passage means defendants may rely on Rule 16 in seeking post-plea discovery.  At least one district court in the Ninth Circuit has held the passage does not support such a reading.  *See United States v. Worthing*, No. 12-00300, 2018 WL 10322025, at *1 (N.D. Cal. Mar. 2, 2018).  In *Worthing*, the court cited to the same 2015 Sixth Circuit case the government relies on here to conclude Rule 16 did not apply when defendant is "not seeking the discovery to aid in the preparation of his defense" but to support his "various sentencing arguments."  *Id.*  Beyond a citation to the Sixth Circuit case and a reference to the preamble of the advisory committee notes, which state that the rule "has been revised to expand the scope of pretrial discovery," the court provided no other explanation for its conclusion.  Other district courts, including this one, have observed Rule 16 may be used as a basis to compel discovery post-conviction, at least in capital cases.  *See, e.g., United States v. Brant Daniel*, No. 19-00107, 2021 WL 2808706, at *6 (E.D. Cal. July 6, 2021) (observing that evidence about sentencing in a capital case is relevant to a "defense" under Rule 16 as it is in a response to the Government's case in chief).

        The government invokes Sixth Circuit authority to support its contention that discovery post-plea does not qualify as "preparing a defense," which it argues is necessarily trial-based.  *United States v. Pirosko*, 787 F.3d 358, 367–68 (6th Cir. 2015); *United States v. Robinson*, 503 F.3d 522, 532 (6th Cir. 2007).  Both *Pirosko* and *Robinson* relied on *United States v. Armstrong*, 517 U.S. 456 (1996), to conclude the rule did not apply to sentencing-related discovery.  However, the court in *Armstrong* actually held more narrowly that Rule 16(a)(1)(C), the predecessor to Rule 16(a)(1)(E)(i), does not apply to selective prosecution claims.  *Id.* (defendants sought discovery to prove defendants were only prosecuted because they were Black); *see also id.* at 571 (Ginsburg, J., concurring).  The Sixth Circuit cases that extrapolate from a holding regarding selective prosecution claims to post-sentencing arguments are of course not controlling.  Even if this court were to find them persuasive, a "reviewing court may not simply substitute its judgment for that of the deciding court."  *Grimes v. City & Cty. of San Francisco,* 951 F.2d 236,

241 (9th Cir. 1991).  Here, the magistrate judge interpreted Rule 16 based on a plain reading of the rule:

> Under the section that you cite to me from [Rule 16(a)(1)(E)], there's three . . . elements where the defense can request items that are in the government's control . . . I can find [no] Ninth Circuit authority, or frankly any authority that says the court does not have the authority to issue a discovery order under this section.  But under Item 1, the item has to be material to preparing the defense, which I think arguably would include sentencing.

Hr'g Tr. at 15:14–24.  No controlling precedent suggests her reading was mistaken or improper. The court therefore does not find the magistrate judge committed clear error or a mistake of law.

While this court will not reverse the magistrate judge's order, the government correctly observes the court has previously addressed the sentencing guidelines policy argument the defense appears to argue justifies its discovery request, at least in part.  *See United States v. Carrillo*, 440 F. Supp. 3d 1148, 1157 (E.D. Cal. 2020) ("the court declares a policy disagreement with the methamphetamine Guidelines.").  If defense counsel intends to seek funding from the court to test or otherwise evaluate the discovery produced, she must be prepared to explain in detail why any expense is warranted in light of the court's previously declared policy disagreement, which it maintains to this day.

**IV.    CONCLUSION**

The government's motion for reconsideration is **denied.**

This order resolves ECF No. 72.

IT IS SO ORDERED.

DATED:  September 10, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE